David M. Goodrich (CA State Bar No. 208675)
*dgoodrich@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Wesley H. Avery,
Chapter 7 Trustee and Plaintiff

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SUMMER JOY LAKE AKA SONNY SOONMO BYUN,<br><br>   Debtor.<br><br>WESLEY H. AVERY, solely in his capacity as Chapter 7 trustee,<br><br>   Plaintiff,<br><br>   vs.<br><br>SANHWA OH, an individual,<br><br>   Defendant. | Case No. 2:17-bk-10019-NB<br><br>Adv. No.<br><br>Chapter 7<br><br>**COMPLAINT FOR:**<br><br>**(1)   AVOIDANCE OF FRAUDULENT TRANSFER; AND**<br><br>**(2)   RECOVERY OF AVOIDED TRANSFER**<br><br>**[11 U.S.C. §§ 544, 550, 551 Cal. Civ. C. § 3439** *et seq.***]**<br><br>Date: [To be set by summons]<br>Time: [To be set by summons]<br>Place: Courtroom 1545<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, California  90012 |

For his *Complaint For (1) Avoidance Of Fraudulent Transfer; and (2) Recovery Of Avoided Transfer* ("Complaint"), plaintiff Wesley H. Avery ("Plaintiff"), the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate of Summer Joy Lake Aka Sonny Soonmo Byun ("Debtor"), hereby alleges and avers as follows:

ALS\ 2606381.1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984. Plaintiff consents to the entry of final orders and/or judgment by this Court.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

**PARTIES AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

4. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate ("Estate") created in the instant Chapter 7 bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), *Summer Joy Lake aka Sonny Soonmo Byun*, Case No. 2:17-bk-10019-NB ("Bankruptcy Case"). To the extent Plaintiff asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who could have avoided the respective transfer or transfers alleged in this Complaint under California or other applicable law before the Petition Date (defined below).

5. Plaintiff was appointed after the filing of the Bankruptcy Case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all such facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant.

6. The Debtor is the debtor in the Bankruptcy Case, which was initiated by the Debtor's filing of a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Division on January 3, 2017 ("Petition Date").  On February 2, 2017, an order was entered

2  converting this case to Chapter 7.

3　　　　7.　　Plaintiff is informed and believes, and on that basis alleges, that defendant Sanhwa

4  Oh ("Defendant") is an individual residing in the State of New Jersey.

5　　　　8.　　Plaintiff is informed and believes, and on that basis alleges, that non-party Jeannie

6  Kim ("Kim") is, and at all times relating to the transactions described herein, was the spouse of the

7  Debtor.

8　　　　9.　　Plaintiff is informed and believes, and based thereon alleges, that prior to the

9  Petition Date, the Debtor held a community property interest with Kim in a single-family

10  condominium located at 7301 Vista Del Mar, No. 45, Playa Del Rey, California 90293

11  ("Property").

12　　　　10.　　Plaintiff is informed and believes, and based thereon alleges, that on September 15,

13  2014, Kim executed a deed of trust ("Trust Deed") in favor of Defendant, purportedly securing an

14  obligation of $500,000 against the Property ("Transfer").  A true and correct copy of the Trust

15  Deed is attached hereto as **Exhibit A**.

16　　　　11.　　Plaintiff is informed and believes, and based thereon alleges, that the Debtor and

17  Kim received no consideration from the Defendant in exchange for the Transfer.

18　　　　12.　　Plaintiff is informed and believes, and based thereon alleges, the Transfer is a sham

19  transaction intended to shield the Property from creditors of the Debtor and Kim.

20　　　　13.　　Plaintiff is informed and believes, and based thereon alleges, that the Trust Deed

21  contains a false notary stamp and an intentionally misleading reference to an escrow company,

22  each designed to provide an appearance of legitimacy to the Trust Deed.

23　　　　14.　　The Plaintiff is informed and believes, and based thereon alleges, that the notary

24  appearing on the Trust Deed has no journal entry in her book for the Trust Deed or Transfer, the

25  stamp on the Trust Deed does not reflect the notary's legal name, and the commission number on

26  the Trust Deed is not the notary's commission number.

27　　　　15.　　The Plaintiff is informed and believes, and based thereon alleges, that the escrow

28  company listed on the Trust Deed has no record of the Trust Deed or Transfer.

ALS\ 2606381.1                                    3

**FIRST CLAIM FOR RELIEF**

**((To Recover Actually Fraudulent Transfer – 11 U.S.C. § 544 and Cal. Civ. C. § 3439 *et seq.*))**

16. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

17. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made less than 4 years prior to the Petition Date.

18. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made with actual intent to hinder, delay, or defraud creditors of the Debtor and Kim.

19. Plaintiff is informed and believes, and based thereon alleges, that a creditor with a fraudulent transfer claim against the Estate, including community debt claims, who could have brought such a claim, actually exists.

20. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and California Civil Code § 3439 *et seq.*, and therefore is avoidable by the Plaintiff.

**SECOND CLAIM FOR RELIEF**

**(To Recover Constructively Fraudulent Transfer –**

**11 U.S.C. § 544 and Cal. Civ. C. § 3439 *et seq.*)**

21. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

22. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made within four years prior to the Petition Date.

23. Plaintiff is informed and believes, and based thereon alleges, that the Debtor and Kim received less than reasonably equivalent value in exchange for the Transfer.

24. Plaintiff is informed and believes, and based thereon alleges, that the Debtor and Kim were insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer.

25. Plaintiff is informed and believes, and based thereon alleges, that by virtue of the Transfer, Debtor and Kim were engaged in or were about to engage in a business or a

1 transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

26. Plaintiff is informed and believes, and based thereon alleges, that by virtue of the Transfer, Debtor and Kim intended to incur, or believed that Debtor and Kim would incur, debts that would be beyond Debtor's and Kim's ability to pay as such debts matured.

27. Plaintiff is informed and believes, and based thereon alleges, that a creditor with a fraudulent transfer claim against the Estate, including a creditor holding a community debt claim, who could have brought such a claim actually exists.

28. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and California Civil Code § 3439 *et seq.*, and therefore is avoidable by the Plaintiff.

## THIRD CLAIM FOR RELIEF

### (To Recover Avoided Transfer – 11 U.S.C. § 550)

29. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

30. Upon avoidance of the Transfer, Plaintiff is entitled to recover from Defendant the Trust Deed for the benefit of the Estate under 11 U.S.C. § 550.

## FOURTH CLAIM FOR RELIEF

### (For Preservation Of Avoided Lien Under 11 U.S.C. § 551)

31. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

32. Upon the avoidance of the Trust Deed, the Plaintiff is entitled to a judgment preserving the Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant as follows:

1. For a determination that the Transfer is avoidable under 11 U.S.C. 544 and Civil Code § 3439 *et seq*;

2. For a judgment granting Plaintiff the right to recover the Transfer or the value of the Transfer from Defendant under 11 U.S.C § 550;

ALS\ 2606381.1                     5

3. For a judgment finding the avoided Trust Deed is preserved for the benefit of the Estate under 11 U.S.C. § 551;

4. For costs of suit incurred herein, including, without limitation, attorney's fees under Bankruptcy Rule 3001(c)(2)(D); and

5. For such other and further relief as is proper.

DATED: October 5, 2017

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ David M. Goodrich*
David M. Goodrich
Attorneys for Plaintiff
Wesley H. Avery, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

ALS\ 2606381.1                                         6

# EXHIBIT A

**This page is part of your document - DO NOT DISCARD**



## 20141099872



**Pages: 0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/17/14 AT 12:50PM**

|  |  |
|---|---:|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**LEADSHEET**



**201410170720047**

**00009746386**



**006451442**

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E521957

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL TO:
NAME: D & G Escrow
STREET ADDRESS: 17327 Ventura Bl #300
CITY, STATE & ZIP: Encino, CA 91316

Tax Parcel No: 4116-034-087

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS

**BY DEED OF TRUST**, made this September 15, 2014, between

JEANNIE KIM, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, herein called **TRUSTOR**,

**D & G ESCROW CORPORATION, A California Corporation, herein called Trustee, and**
SUNHWA OH, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY herein called **BENEFICIARY**,

**WITNESSETH: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OR SALE**, that property in LOS ANGELES County, California described as:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

TOGETHER with the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph(10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith in the principal sum of $500,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note(or notes) reciting it is so secured.

DATED: SEPTEMBER 15, 2014

_____
JEANNIE KIM

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On September 22, 2014 before me, Lisa E McGuire, Notary Public, personally appeared
JEANNIE KIM

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

LISA E. McGUIRE
COMM. #1979787
Notary Public California
Los Angeles County
My Comm. Expires June 23, 2016

Page 1 of 3

8

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.
(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.
(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charges or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.
(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate called for in the note secured hereby, or at the amount allowed by law at date of expenditure, whichever is greater, and to pay for any statement provided for by the law at the time when said statement is demanded.
(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.
(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay. (8) At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.
(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of said note to Trustee for cancellation and retention and upon payment of its fees. Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the trustfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).
(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as the become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such, rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

---

DO NOT RECORD                                                                                    REQUEST FOR FULL RECONVEYANCE

**D & G Escrow Corporation, TRUSTEE:**
The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated_____

_____

By:                                         By:
_____

Please mail Reconveyance to:


Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both original documents must be delivered to the Trustee for cancellation before reconveyance will be made.

PAGE 3 of 3

10

## Exhibit "A"

## DESCRIPTION

A CONDOMINIUM COMPOSED OF:

PARCEL 1

A) AN UNDIVIDED 1/46 INTEREST IN AND TO LOT 2 OF TRACT NO. 36002, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 985, PAGES 40 AND 41 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 THROUGH 46, INCLUSIVE, AS DEFINED AND DELINEATED ON THE CONDOMINIUM PLAN RECORDED DECEMBER 22, 2004 AS INSTRUMENT NO. 04-3311915, OFFICIAL RECORDS.

EXCEPT ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS IN AND UNDER SAID LAND, TOGETHER WITH THE RIGHT TO EXPLORE FOR, DEVELOP, PRODUCE AND REMOVE SAID SUBSTANCES AND MINERALS BY MEANS OF SURFACE OPERATIONS LOCATED ON AND ONLY ON THAT PORTION OF SAID LAND BEING A PORTION OF SAID LOT "A" IN BLOCK 56 OF PLAYA DEL REY TOWNSITE, NOT OCCUPIED BY THE TENNIS COURTS LOCATED THEREON AND ENTERING THE REMAINDER OF SAID LAND ONLY AT LEVELS BELOW 500 FEET, MEASURED FROM THE SURFACE OF SAID LAND, AS RESERVED AND EXCEPTED BY MARY R. SNOFF CAREY, A MARRIED WOMAN, LOIS B. MENDENHALL, AN UNMARRIED WOMAN, ROBERT D. MAC DONALD, A MARRIED MAN AND ELOUISE H. MAC DONALD, HIS WIFE, IN DEED RECORDED MARCH 1, 1957 AS INSTRUMENT NO. 2483.

RESERVING THEREFROM EXCLUSIVE EASEMENTS FOR ALL USES AND PURPOSES OF "PARKING SPACES AND STORAGE AREAS", TOGETHER WITH THE RIGHT TO GRANT THE SAME TO OTHERS, OVER AND ACROSS THOSE PORTIONS OF SAID LAND DEFINED AND DELINEATED AS EXCLUSIVE USE COMMON AREAS ON THE ABOVE REFERENCED CONDOMINIUM PLAN.

B) UNIT 45 AS DEFINED AND DELINEATED ON THE ABOVE REFERENCED CONDOMINIUM PLAN

PARCEL 2

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF "PARKING SPACE" OVER AND ACROSS THAT OF LOT 2 OF SAID TRACT NO. 36002, DEFINED AND DELINEATED AS EXCLUSIVE USE COMMON AREA "P" (AND "P")

PARCEL 3.

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A "STORAGE AREA", OVER AND ACROSS THAT PORTION OF LOT 2 OF SAID TRACT NO 36002, DEFINED AND DELINEATED AS EXCLUSIVE USE COMMON AREAS "S" ON THE ABOVE REFERENCED CONDOMINIUM PLAN

PARCEL 4.

AN EASEMENT OF VARIABLE WIDTH OVER LOT 1, OF TRACT NO. 36002, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85, PAGES 40 AND 41 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AS DESIGNATED AND DELINEATED ON THE MAP OF SAID TRACT

ADVERSARY PROCEEDING COVER SHEET

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WESLEY H. AVERY, solely in his capacity as Chapter 7 trustee | **DEFENDANTS**<br>SANHWA OH, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David M. Goodrich/**Sulmeyer**Kupetz, A Professional Corporation<br>333 South Hope Street, 35th Floor, Los Angeles, CA 90071<br>Telephone: 213.626.2311; Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint For: (1) Avoidance Of Fraudulent Transfer; And (2) Recovery Of Avoidable Transfer

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint   ☐ Demand $ N/A

Other Relief Sought

Determination that the Transfer is avoidable under 11 U.S.C. 544 and Civil Code § 3439 *et seq.*; costs of suit including, without limitation, attorneys' fees.

ALS\ 2606518.1

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Summer Joy Lake Aka Sonny Soonmo Byun | BANKRUPTCY CASE NO.<br>2:17-bk-10019-NB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | | NAME OF JUDGE<br>Hon. Neil W. Bason |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David M. Goodrich* | | | |
| DATE<br>October 5, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich (CA State Bar No. 208675)<br>**Sulmeyer**Kupetz, A Professional Corporation | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ALS\ 2606518.1